```
              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA
                        Alexandria Division
```

In Re:

**DANIEL ASIAMA**                               Case No. 15-11009-BFK

    Debtors                                          (Chapter 13)

## APPLICATION FOR A RULE TO SHOW CAUSE

    COMES NOW the debtor, DANIEL ASIAMA, by counsel, and applies to this court for the entry of a Rule to Show Cause against SARA LEE ASIAMA a/k/a SARA BANKS (hereafter respondent) and states as follows:

    1.  The debtor filed a petition with this Court under Chapter 13 on March 25, 2015.

    2.  The clerk of the court sent the Notice of the commencement of the case to all parties including the respondent on March 29, 2015.  See Docket Item No. 6, and Exhibit A, attached.

    3.  On the date this case was filed, the respondent had a claim against the debtor for approximately $15,800.00 (hereafter the ED Award) arising out of a Final Decree of Divorce entered on August 6, 2008 in the Circuit Court of Fairfax County. A copy of the order is attached as Exhibit B.

    4.  The claim arose out of a judgment awarded to the respondent following an equitable distribution hearing and related to a debt owed to a credit union for a 2000 Land Rover automobile for which the respondent was liable.

5. The claim was not spousal support nor in the nature thereof.

6. On December 29, 2014, the respondent applied to the Circuit Court of Fairfax County for a Rule to Show Cause for the debtor's failure to pay the ED Award.

7. The hearing was continued for a number of times, until on February 27, 2015 a Show Cause Order was entered against the debtor, and a hearing was set for April 3, 2015. See Fairfax Docket Sheet, Attached as Exhibit C.[1]

8. The debtor appeared *pro se* at the April 3rd hearing, and handed the court a Suggestion of Bankruptcy, and further explained that the continuation of the proceeding was a violation of the automatic stay. Nevertheless, the court found the debtor in civil contempt and ordered him to pay the sum of $23,120.00 to the respondent on or before May 1, 2015, and set the case for review at 11:30 a.m. on that same day. See Order of April 3, 2015, attached as Exhibit E. At all points during the hearing the respondent forcefully urged the court to disregard the bankruptcy and force the debtor to pay her claim.

9. After the April 3rd hearing, the debtor sent the respondent an email providing her his Bankruptcy Case Number. See Exhibit F, attached.

---

[1] For reasons which are not clear from the record, hearings in the case were set and reset several times between its initial filing and the hearing on April 3. It also appears that at one point, on January 23, 2015, an Order was entered by the Hon. Jane Marum Roush, directing the respondent to apply to this court for the modification of the debtor's earlier Chapter 7 discharge in Case No.11-11968-SSM. See Exhibit D, Attached.

10. On April 10, 2015, the debtor filed another Suggestion of Bankruptcy with the Circuit Court along with a motion he had drafted *pro se* to vacate the Court's April 3rd order. The motion included a copy of the Section 314 Notice, a copy of his Schedule F, listing the claim of the respondent, and a copy of the text of 11 U.S.C. 362. See Exhibit G, attached. The court *sua sponte* set the debtor's motion to vacate on the same docket as the continued Show Cause hearing.

11. When the parties appeared on May 1, the judge asked if the debtor had paid the money as directed in the in the Order of April 3. The debtor responded by again noting that he was in a Chapter 13 proceeding, and was unable to pay the funds at once in any event. The respondent once more forcefully demanded that the debtor be required to pay her claim and that the bankruptcy be disregarded.

12. The court denied the debtor's motion to vacate its earlier order and had the debtor remanded into custody until such time as he purged himself of contempt by paying the respondent's claim. The court then set the matter for review on May 28, 2015.[2] See Order and Amended order, Entered May 1, 2015 and May 4, 2015, attached as Exhibit H.

13. While the debtor was incarcerated, his wife went to extraordinary lengths to raise the money required for her husband's release, borrowing from her relatives, taking all she

---

[2] It appears that this hearing may have been continued to May 29, 2015

had from her own accounts, and finally borrowing over $8,500.00 at 15.9% interest from her credit union. All of these measures have seriously disrupted the household budget on which the debtor's Chapter 13 plan is based.

    14. On May 4, 2015 the debtor's wife paid $23,120.00 to the court which then released the debtor, and on the following morning paid the money over to the respondent.

    15. As the result of the respondent's acts, the debtor spent four days in the Fairfax County Adult Detention Center.

    16. On May 5, 2015, the respondent appeared at and participated in the debtor's Section 341 hearing.

    17. Upon learning of the debtor's bankruptcy filing, the respondent had an affirmative duty to take all steps necessary to stop the proceeding in Fairfax Circuit Court.

    18. On April 3, 2015, and afterward, the respondent had actual notice of the debtor's bankruptcy filing.

    19. The respondent's acts as described above constitute a willful violation of the Automatic Stay provisions of 11 U.S.C. 362.

    20. The acts of the respondent as described above have caused the debtor and his family to suffer inconvenience, embarrassment, annoyance, anguish, emotional distress, and has forced them to incur lost time and effort; the debtor has suffered the loss of his liberty for four days and has incurred additional attorney's fees, and costs; the debtor's family has incurred large

debts and debt payments which stress the family income and imperil the performance of the debtor's Chapter 13 plan.

    WHEREFORE the debtor prays that this Court

    (1) issue a Rule to Show Cause against SARA LEE ASIMA, a/k/a SARA BANKS for her acts in violation of the stay and the injunctive provisions of 11 U.S.C. 362, and why sanctions, including an award of damages, both actual and punitive, and an award of attorney's fees should not be imposed upon her; and

    (2) declare the Orders entered by the Circuit of Fairfax County on April 3, 2015 (Exhibit E), May 1, 2015 and May 7, 2015 (Exhibit G) to have been entered in violation of the injunctive provisions of 11 U.S.C. 362, and therefore null and void; and

    (3) direct the respondent to immediately take such steps as may be necessary to dismiss the proceeding against the debtor now pending in the Circuit Court of Fairfax County; and

    (4) direct the respondent to immediately turn over to the debtor the $23,120.00 paid to her as noted above; and

    (5) for such other and further relief as may be needed.

                                     <u>DANIEL ASIAMA</u>
                                     By counsel

<u>/s/ Richard G. Hall</u>
Richard G. Hall, Esquire
counsel for the Debtor
7369 Mcwhorter Place, Suite 412
Annandale, Virginia  22003
(703)256-7159
VAB No. 18076

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2015 I mailed a copy of this Application to the respondent, Sara Banks at 21672 Frame Square, Ashburn, Virginia 20148.

                                                                           /s/ Richard G. Hall